# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| MAURICIO DYER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 3:10-0129 |
| v. | ) Judge Trauger / Knowles |
| | ) Jury Demand |
| MONTGOMERY COUNTY JAIL, et al., | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

### I. Introduction and Background

Pending before the Court is a Motion for Summary Judgment filed by Defendants Sheriff Norman Lewis and Captain Doug Tackett.[1] Docket No. 24. Along with that Motion, Defendants have contemporaneously filed a supporting Memorandum of Law (Docket No. 25), a Statement of Undisputed Material Facts (Docket No. 26), Excerpts of Plaintiff's Deposition ("Plaintiff's Dep.")(Docket No. 27-1), and the Affidavits of Defendant Lewis ("Lewis Aff.")(Docket No. 27-2) and Defendant Tackett ("Tackett Aff.")(Docket No. 27-3).

On January 24, 2011, the Clerk received a letter from Plaintiff, which the undersigned construed as a Motion for an Extension of Time to respond to Defendants' Motion for Summary Judgment. Docket No. 33. On January 26, 2011, the undersigned granted that Motion, giving Plaintiff up to, and including, February 28, 2011 to respond to the instant Motion for Summary Judgment. Docket No. 34. Plaintiff has not responded to the instant Motion or to Defendants'

---

[1] Defendant "Montgomery County Jail" is not a party to the instant Motion.

1

Statement of Undisputed Material Facts.

Plaintiff, an inmate at the Montgomery County Jail at all times relevant to the case at bar, filed this pro se, in forma pauperis, action pursuant to 42 U.S.C. § 1983, alleging violations of his Fourth and Eighth Amendment rights. Docket Entry No. 1. Plaintiff additionally alleges that Defendants engaged in racketeering and violated the Health Insurance Portability and Accountability Act of 1996 ("HIPPA"). *Id.* Plaintiff seeks twenty-five million dollars in damages. *See Id.*

Defendants Lewis and Tackett filed the instant Motion and supporting materials on November 29, 2010. Docket Nos. 24 - 27-3. Defendants argue that they are entitled to Summary Judgment because Plaintiff fails to establish the violation of any constitutionally recognized right, and fails to demonstrate that Defendants had any direct participation in the allegedly unconstitutional acts. *Id.* Defendants also argue that, even if Plaintiff were able to show a constitutional violation that occurred as a result of their direct participation, Defendants would, nevertheless, be entitled to qualified immunity as their actions were not objectively unreasonable in light of clearly established law. *Id.*

For the foregoing reasons, the undersigned recommends that Defendants' Motion for Summary Judgment be GRANTED.

## II. Facts

### A. Allegations of Plaintiff's Complaint[2]

The operative "allegations" of Plaintiff's Complaint, in their entirety, are as follows:

---

[2] The following "facts" are not in a form required by Fed. R. Civ. P. 56. They are provided solely for background and analysis purposes.

2

> "Racketeering
>
> A Pretrial Detainee being housed with with [*sic*] previously convicted felons
>
> Violating inmates rights to 8 hrs of rec time
>
> Not providing me with hygiene products regularly
>
> Lack of direct sunlight
>
> Holding me locked down without a 1 hr rec for over 7 days
>
> Violating my HIPPA rights
>
> Being attacked by convicted felons
>
> Not having (mandated) nutrition facts on commissary items
>
> Illegal search and seizure of personal property."

Docket No. 1, p. 5 (bullet points omitted).

**B. Undisputed Facts[3]**

Defendant Norman Lewis is the Sheriff of Montgomery County, Tennessee. Lewis Aff., ¶ 1. Defendant Doug Tackett is a Captain of the Montgomery County Sheriff's Office and oversees the operation of the Montgomery County Jail. Tackett Aff., ¶ 1.

Plaintiff Mauricio Dyer was incarcerated in the Montgomery County Jail ("Jail") from June 21, 2008 to February 27, 2010. Tackett Aff., ¶ 3; Plaintiff's Dep., 10:13-20. Plaintiff was originally charged with Attempted Murder and Aggravated Assault, and plead guilty to the lesser offense of Simple Assault. Tacket Aff., ¶ 3; Plaintiff's Dep., 10:21-11:22.

When he was originally booked into the Jail, Plaintiff was classified as a high risk

---

[3] The following facts are in a form required by Fed. R. Civ. P. 56 and are undisputed.

prisoner because of the serious nature of the charges against him. Tacket Aff., ¶ 4. He was later reclassified as a medium risk prisoner. *Id.* Inmates in the Jail are classified according to a number of factors including, but not limited to, gender, trial status, past history, and special security needs. Tackett Aff., ¶ 5. After inmates are classified, they are segregated according to their classification. Tacket Aff., ¶ 6.

It is Jail policy that inmates who are housed in maximum-risk pods based on their classification are locked down at all times. Tackett Aff., ¶ 7. Inmates housed in maximum-risk pods receive one hour per day out of the cell for recreation. *Id.*

Jail staff take all reasonable steps to keep inmates safe by segregating inmates who are known to have problems with each other. Tackett Aff., ¶ 10. Plaintiff never complained to anyone at the Jail that he feared for his safety due to a problem with a specific inmate. Plaintiff's Dep., 86:5-8. Defendants were not aware of an issue between Plaintiff and any other inmate. Tackett Aff., ¶ 9; Lewis Aff., ¶ 2. Jail staff complied with all applicable standards and practices with regard to Plaintiff. Tackett Aff., ¶ 10.

Fights in correctional institutions arise out of things such as disagreements about debt, drugs, or racial motivation. Tackett Aff., ¶ 8. There is no way to totally prevent fights from happening in any jail. *Id.*

Inmates are issued toilet paper upon being incarcerated. Tackett Aff., ¶ 12. Inmates are issued a partial roll upon entry and then whole rolls twice per week. *Id.* If an inmate runs out of tissue before regularly scheduled times, they can notify any Officer to get them more. *Id.* At no time was Plaintiff, or any other inmate, denied toilet tissue or other hygiene products. Tackett Aff., ¶ 11.

The meals provided to Jail inmates meet the guidelines of the American Correctional Association which are based upon the current recommended daily allowances for males and females nineteen to fifty years of age, as established by the Food and Nutrition Board of the Institute of Medicine. Tackett Aff., ¶ 13. Meals average two thousand, nine hundred calories per day. *Id.* All menus utilized in the Jail are proposed, reviewed, and implemented by a registered dietician. *Id.*

The Jail is not a health care provider. Tackett Aff., ¶ 14. The Jail contracts with Correct Care Solutions for the provision of medical care to inmates. *Id.* The Jail has a twenty-four hour nursing staff, seven days per week, three hundred and sixty-five days per year. *Id.* Pursuant to the Jail's policy on Sick Call Requests, any inmate in the facility who requests a sick call slip will be given that slip in a timely manner. *Id.*, ¶ 15. The Deputy who takes the sick call slip from the inmate is to ascertain if the nature of the request is emergent or nonemergent to ensure that a potential emergency (such as chest pains, diabetic problems, and difficulty breathing) does not exist. *Id.*, ¶ 16. The slips are collected and placed in the sick call box at Central Control and are then picked up by the medical staff. *Id.*

Jail staff will occasionally conduct a search of an inmate's cell and seize illegal contraband or other items. Tackett Aff., ¶ 17. The objective of the search is to locate contraband and rid the Jail of it. *Id.* Searches are conducted as a direct result of the need to maintain the safety and security of the facility for Jail staff and inmates. *Id.*

Plaintiff's lawsuit is based upon the fact that Sheriff Lewis and Captain Tackett are individually liable to the extent that they are responsible for running the Jail and the Sheriff's Office. Plaintiff's Dep., 32:17-24; 40:21-41:4.

## III. Analysis

### A. Local Rules 7.01(b) and 56.01(c) and (g)

Local Rule 7.01(b) states, in pertinent part:

> **b. Response.** Each party opposing a motion shall serve and file a response, memorandum, affidavits and other responsive material not later than fourteen (14) days after service of the motion, except, that in cases of a motion for summary judgment, that time shall be twenty-one (21) days after the service of the motion, unless otherwise ordered by the Court. Failure to file a timely response shall indicate that there is no opposition to the motion.

Defendants filed the pending Motion on November 29, 2010. Docket No. 24. The undersigned granted Plaintiff an extension of time up to, and including, February 28, 2011, to respond to the instant Motion. Plaintiff has failed to respond to Defendants' Motion.

Additionally, with respect to Motions for Summary Judgment specifically, Local Rules 56.01(c) and (g) state, in pertinent part:

> **c. Response to Statement of Facts.** Any party opposing the motion for summary judgment must respond to each fact set forth by the movant by either (i) agreeing that the fact is undisputed; (ii) agreeing that the fact is undisputed for the purpose of ruling on the motion for summary judgment only; or (iii) demonstrating that the fact is disputed. Each disputed fact must be supported by a citation to the record. ...
>
> . . .
>
> **g. Failure to Respond.** Failure to respond to a moving party's statement of material facts, or a non-moving party's statement of additional facts, within the time periods provided by these Rules shall indicate that the asserted facts are not disputed for the purposes of summary judgment.

Plaintiff has failed to respond to Defendants' Statement of Undisputed Material Facts. Pursuant to Local Rule 56.01(g), Plaintiff's failure to respond indicates "that the asserted facts are not disputed for the purposes of summary judgment." Accordingly, there are no genuine

6

issues as to any material fact and all that remains to be determined is whether Defendants are entitled to a judgment as a matter of law.

**B. Motion for Summary Judgment**

It would be inappropriate to grant Defendants' Motion solely on the ground that Plaintiff has failed to respond. *See Stough v. Mayville Community Schools*, 138 F.3d 612, 614 (6th Cir. 1998). As the Sixth Circuit has stated:

> [A] district court cannot grant summary judgment in favor of the movant simply because the adverse party has not responded. The Court is required, at a minimum, to examine the movant's Motion for Summary Judgment to ensure that he has discharged [his initial] burden ... The federal rules require that the party filing a Motion for Summary Judgment "always bears the burden of demonstrating the absence of a genuine issue as to a material fact."

*Id.* (citations omitted). The Court will, therefore, consider whether Defendants have met their burdens under the appropriate summary judgment standards discussed below.

Under Fed. R. Civ. P. 56(c), summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." A dispute is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986).

In order to prevail on a Motion for summary judgment, the moving party must meet the burden of proving the absence of a genuine issue as to material fact concerning an essential element of the opposing party's claim. *Celotex v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986); *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir.

1989).  In determining whether the moving party has met its burden, the Court must view the evidence in the light most favorable to the nonmoving party.  *Matsushita Electric Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986).

Fed. R. Civ. P. 56 provides that the nonmoving party may not rest upon the mere allegations or denials of his or her pleading, but his or her response, by affidavits or otherwise, must set forth specific facts showing that there is a genuine issue for trial.  If a nonmoving party, however, fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, there is no genuine issue as to any material fact because a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.  *Celotex*, 477 U.S. at 322-23, 106 S. Ct. at 2552, 91 L. Ed. 2d at 273.  When this occurs, the moving party is entitled to summary judgment as a matter of law.  *Id.* at 322-23, 106 S. Ct. at 2552; *Williams v. Ford Motor Co.,* 187 F.3d 533, 537-38 (6th Cir. 1999).

**C.  The Case At Bar**

As an initial matter, as has been enumerated *supra*, Plaintiff's Complaint simply contains a list of general allegations that are completely void of any specificity.  Plaintiff does not mention who allegedly did what to whom, nor is it even clear that Plaintiff was the victim of any alleged violations.  Other than naming Sheriff Lewis and Captain Tackett as Defendants, Plaintiff does not mention them at all, much less proffer any allegations against them.  Without factual allegations showing that Defendants Lewis and Tackett engaged in conduct violative of his constitutional or federally-protected rights, Plaintiff cannot sustain a claim against them.  *See Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009).

Moreover, as Plaintiff acknowledged in his Deposition, Plaintiff sues Defendants because they are responsible for running the Jail and the Sheriff's Office. *See* Plaintiff's Dep., 32:17-24; 40:21-41:4. Plaintiff cannot sustain his claims against Defendants because § 1983 does not permit the imposition of liability based upon *respondeat superior*. *Polk County v. Dodson*, 454 U.S. 312, 325, 102 S. Ct. 445, 454, 70 L. Ed. 2d 509 (1981). *See also, Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 694, 98 S. Ct. 2018, 2037, 56 L. Ed. 2d 611 (1978); *Street v. Corrections Corp. of America*, 102 F.3d 810, 818 (6th Cir. 1996).

### IV. Conclusion

For the foregoing reasons, the undersigned recommends that Defendants' Motion for Summary Judgment be GRANTED. As has been noted, Defendant Montgomery County Jail is not a party to the instant Motion. Nonetheless, Plaintiff's Complaint fails to state a claim against Montgomery County or the Montgomery County Jail. Accordingly, the undersigned further recommends that this case be dismissed in its entirety. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii); 1915A (b)(1).

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. CLIFTON KNOWLES
United States Magistrate Judge