IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MAURICIO DYER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:10-cv-0129 |
| ) | Judge Trauger |
| MONTGOMERY COUNTY JAIL, ) | |
| NORMAN LEWIS, and DOUG TACKETT, ) | |
| a/k/a, f/n/u Thackett, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Pending before the court are the plaintiff's Objections (Docket Nos. 51, 52, 53, and 59) to the Report and Recommendation filed by the Magistrate Judge on March 9, 2011 (Docket No. 47), which recommended that this court grant the defendants' Motion for Summary Judgment (Docket No. 24). The defendants have filed a response in opposition (Docket No. 54). For the reasons discussed below, the court will overrule the plaintiff's Objections.

## BACKGROUND

From June 21, 2008 to February 27, 2010, *pro se* plaintiff Mauricio Dyer was an inmate at the Montgomery County Jail (the "Jail").[1] On February 8, 2010, he filed this action *in forma pauperis*, asserting claims for: (1) violation of his Fourth and Eighth Amendment rights, pursuant to 42 U.S.C. § 1983; (2) "racketeering"; and (3) violation of his rights under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). (Docket No. 1 at 5.)

---

[1] Unless otherwise noted, the facts are drawn from the Magistrate Judge's Report and Recommendation (Docket No. 47) and from the parties' filings.

On November 29, 2010, defendant Norman Lewis, the Sheriff of Montgomery County, Tennessee, and defendant Doug Tackett, a Captain of the Sheriff's Department who oversees the operation of the Jail, filed a joint Motion for Summary Judgment, which was referred to the Magistrate Judge.[2]  Despite receiving a time extension (Docket No. 34), the plaintiff did not file a response in opposition.  On March 2, 2011, the Magistrate Judge issued a Report and Recommendation recommending that the defendants' motion be granted and that the plaintiff's case be dismissed in its entirety.  (Docket No. 37.)

The Magistrate Judge noted that the entirety of the allegations contained in the plaintiff's verified Complaint were as follows:

> Racketeering
>
> A Pretrial Detainee being housed with with [sic] previously convicted felons
>
> Violating inmates rights to 8 hrs of rec time
>
> Not providing me with hygiene products regularly
>
> Lack of direct sunlight
>
> Holding me locked down without a 1 hr rec for over 7 days
>
> Violating my HIPPA rights
>
> Being attacked by convicted felons
>
> Not having (mandated) nutrition facts on commissary items
>
> Illegal search and seizure of personal property.

---

[2] The Jail did not join in the motion.

(*Id.* at 3 (quoting Docket No. 1 at 5).)

In support of their motion, the defendants submitted affidavits and excerpts of the plaintiff's deposition. According to the defendant's affidavits, inmates are segregated according to their risk classification; high-risk inmates are locked down at all times and receive one hour per day out of the cell for recreation. When he initially arrived at the Jail, the plaintiff was charged with attempted murder and aggravated assault, and he eventually pleaded guilty to simple assault. Although the plaintiff was initially classified as a high-risk prisoner because of the nature of the charges against him, he was later reclassified as a medium-risk prisoner.

The Jail attempts to segregate prisoners who are known to have problems with each other. The defendants' affidavits state that the plaintiff never complained that he feared for his safety because of a specific inmate and that the Jail followed all applicable standards and practices with regard to the plaintiff. The plaintiff was apparently involved in at least one fight, but defendant Tackett's affidavit asserted that there is no way to completely prevent fights from happening between inmates.

The defendants' affidavits covered several other topics. Inmates are issued toilet paper upon arriving at the Jail and twice weekly thereafter, and they can request additional paper as needed. Tackett's affidavit stated that the plaintiff was never denied toilet paper or other hygiene products. To request care from the Jail's medical staff, inmates fill out sick-call request forms; the deputy who takes the slip from the inmate is required to ascertain whether the request requires emergency care. Finally, Jail staff occasionally conduct searches of inmates' cells and seize illegal contraband or other items. These searches are conducted to maintain the safety and

3

security of the Jail.

In light of the defendants' undisputed evidence, the Magistrate Judge found that the plaintiff could not maintain a claim for violation of his constitutional or federally protected rights. (Docket No. 37 at 8.) On the same day that the Report and Recommendation was issued, however, the plaintiff filed two documents in opposition to the defendants' Motion for Summary Judgment. This court remanded the case to the Magistrate Judge so that he could reconsider the defendants' motion in light of the plaintiff's filing. (Docket No. 41.)

On March 9, 2011, after reviewing the plaintiff's papers, the Magistrate Judge issued a second Report and Recommendation, finding that there were still no triable issues of fact. (Docket No. 47 at 5-7.) The plaintiff's response brief simply stated that the defendants "knew that they were acting in a[n] unconstitutional conduct" and that they "allowed [bad conduct] to happen, as well as . . . took part in it." (Docket No. 39 at 1.) The plaintiff also submitted several responses to the defendants' Statement of Undisputed Material Facts, asserting, in relevant part:

> [The plaintiff] was held multiple times in the maximum-risk pod with out a mandatory one-hour recreation. . . .
>
> The [Jail] has set inmates with known problems in the same area. . . .
>
> Cpt. Tackett was aware of the Plaintiff's issues relating to other inmates. The Plaintiff wrote Cpt. Tackett through grievances and through the USPS postal services numerous times. . . .
>
> [The plaintiff] did complain on several occasions about safety. . . .
>
> [The plaintiff] was harassed and chastised about tissue paper and hygiene. . . .
>
> [The Jail] denies toilet tissue to anyone that has money on their

4

> books. If a inmate ran out of tissue, they had to plead with the
> guards for an unbearable amount of time. . . .
>
> [T]here is not a private/secure area for the sick call slip once they
> are turned in. . . .
>
> Officers occasionally conduct searches that entail taking inmates'
> rightful property at the officers' leisure.

(Docket No. 47 at 4-5 (quoting Docket No. 40) (contains minor grammatical corrections).)

The Magistrate Judge noted that the plaintiff's statements were unsworn and that he did not cite to the record. (*Id.* at 5.) The Magistrate Judge further found that, regardless, these vague statements did not suffice to show that the defendants violated the plaintiff's constitutional rights (*id.* at 5-6), and he again recommended that the plaintiff's case be dismissed (*id.* at 7).

On March 24, 2011, the plaintiff filed a document titled "Appeal" (Docket No. 59), which the court will construe as containing objections to the Report and Recommendation, pursuant to Federal Rule of Civil Procedure 72. In addition, the plaintiff has filed copies of the same documents he filed after the March 2 Report and Recommendation. (Docket No. 51, 52.) Finally, he has filed a letter stating that he is ignorant of legal procedure and requesting "an extension on all forms." (Docket No. 53.)

## **ANALYSIS**

Rule 72 permits a party to "file specific written objections" to a magistrate judge's report and recommendation on a dispositive motion. Fed. R. Civ. P. 72(b)(2). The district court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to." *Id.* 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C).

In his Objections, the plaintiff once again broadly asserts that the defendants "knew that

5

they were acting in [an] unconstitutional conduct." (Docket No. 59 at 1.) He has attached several documents in support of his objections, including: (1) six pages containing his unsworn responses to the defendants' interrogatories (Docket No. 59, Ex. 1 at 1-6); (2) a disorganized collection of various case notes, apparently copied from Westlaw, Lexis, or a similar service (*id.* at 7-10, 23-26); (3) various material regarding soap that is labeled "not for individual resale" and food nutritional labeling (*id.* at 11-22, 27, 30-40).[3]

As an initial matter, the court notes that the plaintiff has failed to file *specific* objections to the Magistrate Judge's Report and Recommendation. "Failure to identify specific concerns with a magistrate judge's report results in treatment of a party's objections as a general objection to the entire magistrate judge's report. A general objection is considered the equivalent of failing to object entirely." *McCready v. Kamminga*, 113 Fed. Appx. 47, 49 (6th Cir. 2004) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)).

The Magistrate Judge recommended dismissal mainly because the plaintiff failed to submit sufficient evidence in support of his claims. Apparently in response to this finding, the plaintiff has submitted certain interrogatory responses, which state, in relevant part:

> The plaintiff was never supposed to be housed with convicted felons . . . . Due to over 90% of the assigned pods being housed with convicted felons, the plaintiff was continuously put in harm's way. This is documented by the fights that the plaintiff was in . . . .
>
> [E]very day the rec time was cut down in volumes. . . .

---

[3] The plaintiff apparently finds it objectionable that the Jail (1) distributes soap that is labeled "not for individual resale" and (2) fails to provide detailed nutritional information to inmates.

> Whenever the plaintiff has money on his books, he was refused hygiene items . . . . There has also been occasions where the plaintiff had to request hygiene products for (3) days in a row to no avail. . . .
>
> Due to the temperatures or due to the rain inmates were not allowed to go outside for seasons at a time. . . .
>
> The plaintiff was locked down for over ten days without a (1) hour rec while the plaintiff was being disciplined for fights . . . .
>
> At this facility an inmate does not have the option to discreetly/secretly turn in a sick call request. Every time an inmate has to turn in a sick call request he/she has to turn it in to a deputy (which the deputy then reads). . . .
>
> [The Jail] had free reign on inmates' cells. My personal belongings have been taken and discarded without even a notice. . . .
>
> [The plaintiff] was not allowed to see a personal physician.

(Docket No. 59, Ex. 1 at 3-5 (contains minor grammatical corrections).)

First, it is doubtful that these statements contain enough detail to create a genuine dispute of material fact regarding any alleged constitutional violation. *See* Fed. R. Civ. P. 56(a); *Moldowan v. City of Warren*, 578 F.3d 351, 374 (6th Cir. 2009) (stating that, at summary judgment, the plaintiff has the burden of "set[ting] forth specific facts showing that there is a genuine issue for trial" and that an issue of fact is "genuine" only if a reasonable jury could find for the plaintiff). Second, even if this material were sufficient, it is unclear why the plaintiff did not submit it in his initial response to the Motion for Summary Judgment. "[L]itigants cannot be permitted to use litigation before a magistrate judge as something akin to spring training exhibition game, holding back evidence for use once the regular season begins before the district

judge." *See Hous. Works, Inc. v. Turner*, 362 F. Supp. 2d 434, 438 (S.D.N.Y. 2005).

Third, and most important, none of the materials submitted by the plaintiff in response to the defendants' motion contain sworn, admissible statements.[4] Rule 56 requires parties to support their factual assertions with admissible evidence. Fed. R. Civ. P. 56(c), (e); *Viergutz v. Lucent Techs., Inc.*, 375 Fed. Appx. 482, 485 (6th Cir. 2010). In *Viergutz*, the Sixth Circuit noted that, when opposing summary judgment, parties cannot rely on allegations or denials in unsworn filings. 375 Fed. Appx. at 485. The court explicitly held that a party's "status as a pro se litigant does not alter [this] duty on a summary judgment motion."[5] *Id.* (dismissing *pro se* claims for lack of admissible supporting evidence); *see also Zainalian v. Memphis Bd. of Educ.*, 3 Fed. Appx. 429, 431 (6th Cir. 2001) (affirming the lower court's decision to disregard the *pro se* plaintiff's unsworn affidavit and to grant summary judgment against him; "[a]s [the plaintiff] neither verified his affidavit nor complaint, signed them under oath, nor signed them under penalty of perjury . . . , the facts averred to therein lacked the force and effect of an affidavit for

---

[4] The plaintiff's verified Complaint was submitted under penalty of perjury (Docket No. 1 at 6), but, as the Magistrate Judge pointed out, the vague allegations contained in that pleading cannot support any claims against the defendants.

[5] Furthermore, the Sixth Circuit has held that non-prisoner *pro se* litigants are not entitled to notice that, at summary judgment, they must file affidavits in support of their factual assertions. *United States v. Ninety-Three Firearms*, 330 F.3d 414, 428 (6th Cir. 2003). "Parties choosing to have counsel must bear the risk of their attorney's mistakes, and thus, a litigant who chooses himself as a legal representative should be treated no differently." *Id.* (quotation marks omitted).

Although the plaintiff was once incarcerated, it appears that he is not currently a prisoner and that he was not a prisoner while the defendants' motion was pending. (*See* Docket No. 27, Ex. 1 at 3 (plaintiff's deposition, stating that he was released in February 2010 and now lives in Hendersonville, Tennessee); Docket No. 59, Ex. 1 at 6 (interrogatory response stating that the plaintiff currently works as a nurse).)

8

purposes of responding to a motion for summary judgment"); *United States v. Brown*, 7 Fed. Appx. 353, 354 (6th Cir. 2001) (affirming grant of summary judgment against a *pro se* plaintiff because he "failed to present any evidence to defeat the government's motion"; although the plaintiff had made relevant factual allegations, he "did not file an affidavit to this effect nor did he sign any pleading under penalty of perjury"); *Johnson v. Stewart*, No. 08-1521, 2010 U.S. App. LEXIS 27051, at *6-7 (6th Cir. May 5, 2010) ("The liberal treatment of pro se pleadings does not require lenient treatment of substantive law, and the liberal standards that apply at the pleading stage do not apply after a case has progressed to the summary judgment stage." (citations omitted)); *Am. Express Travel Related Servs. Co. v. Tangredi*, No. 3:08-1141, 2010 U.S. Dist. LEXIS 34879, at *23-24 (M.D. Tenn. Apr. 8, 2010) (disregarding a *pro se* defendant's signed filing, which contained factual allegations, because "the document [was] not sworn, nor [was] it attested to under penalty of perjury," meaning that it was not "the equivalent of an affidavit opposing Plaintiff's summary judgment motion"); *cf. El Bey v. Roop*, 530 F.3d 407, 414 (6th Cir. 2008) (finding that a *pro se* plaintiff's verified complaint, which, unlike the instant plaintiff's Complaint, contained detailed allegations, carried the same weight as an affidavit for summary judgment purposes because it was signed under penalty of perjury).

Because the plaintiff's materials are unsworn, the assertions contained therein are inadmissible, and the court must disregard them. Without this evidence, the plaintiff has failed to sufficiently dispute the evidence offered by the defendants. Thus, the defendants' motion

must be granted, and this suit must be dismissed.[6]

## **CONCLUSION**

For the reasons stated herein, the plaintiff's Objections (Docket No. 59) are **OVERRULED**, and the March 9, 2011 Report and Recommendation filed by the Magistrate Judge (Docket No. 47) is **ACCEPTED**. The Motion for Summary Judgment filed by defendants Norman Lewis and Doug Tackett (Docket No. 24) is **GRANTED**, and all of the plaintiff's claims are hereby **DISMISSED** with prejudice. Entry of this Order shall constitute the judgment in this case.

Because an appeal would not be taken in good faith, the plaintiff is **NOT** certified to appeal the judgment of the court *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(3). His newly filed Application to Proceed *In Forma Pauperis* (Docket No. 60) is **DENIED**.

It is so Ordered.

Entered this 6th day of April 2011.

_____
ALETA A. TRAUGER
United States District Judge

---

[6] The court agrees with the Magistrate Judge that, although the Jail did not join Lewis and Tackett's motion, the evidence submitted by the latter two defendants equally supports dismissal of the claims against the Jail. (*See* Docket No. 37 at 9.)